JESSE VERBECK V. STATE OF NEBRASKA.

FILED JULY 6, 1934. No. 29121.

504

*McNeny & Sprague,* for plaintiff in error.

*Paul F. Good, Attorney General,* and *Paul P. Chaney, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and LIVINGSTON, District Judge.

ROSE, J.

In a prosecution by the state in the district court for Nuckolls county, Jesse Verbeck, defendant, was convicted of having unlawful possession of intoxicating liquors— nine pints of alcohol in glass flasks and three quarts of whiskey in a glass jug. For this offense he was sentenced to serve a term of 60 days in the county jail and to pay the costs of prosecution. As plaintiff in error he presents for review the record of his conviction.

The statute provides, among other things: "No person shall keep or possess intoxicating liquor in his private dwelling-house in an amount more than is reasonably sufficient for his personal use and needs." Comp. St. 1929, sec. 53-111. The trial court, in an instruction to the jury, used the words "reasonably necessary" instead of the words "reasonably sufficient," as they appear in the statute. It was explained by defendant in argument that the words "sufficient" and "necessary" are not synonymous, and he insisted that the error was prejudicial, requiring a new trial. Defendant, however, is not entitled to a reversal if the intoxicating liquors possessed by him were not in his "private dwelling-house." The right to keep the quantity "reasonably sufficient for his personal use and needs" is confined to his "private dwelling-house." Comp. St. 1929, sec. 53-111. What is "reasonably suffi-

cient" cannot lawfully be kept elsewhere. The statute defines the term "private dwelling-house" for the purposes of the law which makes possession of intoxicating liquors unlawful. The legislature provides:

"The term 'private dwelling-house' shall mean a separate dwelling with a separate door for ingress and egress exclusive of outbuildings, and used exclusively as a private residence and not connected by doors or otherwise with any place of business except doctors', dentists' and veterinary surgeons' offices and not connected with any factory, shop, warehouse, club, or other place or building." Comp. St. 1929, sec. 53-101.

Defendant owned and operated a gasoline filling station at the junction of highways No. 14 and No. 3, near Superior, Nuckolls county. The filling station office is a "place of business" connected with the residence of defendant. The residence and the office are under the same roof. There is a door between the office and that part of the building occupied by defendant and his family. Undisputed testimony shows that the liquor was found in a bathroom in the building. The possession therefore was not in defendant's "private dwelling-house," as that term is defined by legislation making possession of intoxicating liquor unlawful. It follows that the error of the trial court in using the term "reasonably necessary" instead of "reasonably sufficient" in no wise prejudiced defendant.

AFFIRMED.